-

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

BENJAMIN RODRIGUEZ,

        Petitioner,

-vs-                                                Case No.  2:06-cv-391-FtM-29SPC

UNITED STATES OF AMERICA,

        Respondent.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Petitioner Benjamin Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. 2255 (Doc. #1) filed on July 10, 2006. On July 10, 2006, the Petitioner wrote a letter to the Honorable John E. Steele, United States District Court Judge, claiming his Court appointed attorney, Martin DerOvanesian failed to file the notice of appeal as requested by the Petitioner after his sentencing. On May 2, 2007, the Government filed its response with attachments. (Doc. # 14). On June 20, 2007, the District Court signed an Order referring this case for evidentiary hearing and report and recommendation. (Doc. #15). A hearing was held before the undersigned regarding the Petitioner's Motion on August 24, 2007.

## DISCUSSION

      In a criminal case, a defendant's notice of appeal must be filed in the district court within ten (10) days after the later of the entry of either the judgment or the order being appealed. Fed. R. App. P. 4(b)(1). It is a well settled principle that an attorney who fails to file an appeal on behalf of a client

who specifically requests it acts in a professional unreasonably manner *per se*. Gomez-Diaz v.U.S., 433 F.3d 788, 791-792 (11th Cir. 2005). Even if a client has not made a specific request of his attorney to file an appeal, a court must inquire whether the attorney consulted with the client regarding the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes. Id. at 792.

The Defendant in his original letter, construed by the Court as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. #1), claimed his "court-appointed attorney failed to file the notice of appeal as requested to do so, after ...sentencing." (Doc #1).

At the hearing held before this Court, Attorney Landon Miller, Petitioner's court appointed Counsel, informed the Court the Petitioner advised him the allegation that Atty. DerOvanesian failed to file an appeal of the petitioners sentence as requested was not correct. (Tr. 1:10-18). Attorney Miller advised the Court the Defendant had never asked Attorney DerOvanesian to file an appeal prior to or after the date to timely file notice expired. (Tr. 1:10-18). The Court then swore the Petitioner and inquired into Attorney Miller's statements.

The Court asked the Petitioner if he had requested Atty. DerOvanesian to file an appeal after his sentencing. The Petitioner stated that he did not ask Atty. DerOvanesian to file an appeal on his behalf after he was sentenced. (Tr. 4:2-8). The Petitioners statement is supported by Atty. DerOvanesian's file notes which specifically state the Petitioner did not want to appeal his sentence. (Doc. # 14, Attachment A). The Petitioner further testified that he understood the time limits imposed on his ability to file an appeal and stated he never requested Atty. DerOvanesian to file an appeal either prior to the deadline nor after the deadline to file expired. (Tr. 4:3-16). The Petitioner testified that he never contacted Atty. DerOvanesian at any time to request an appeal. (Tr. 5:1-7).

The Petitioner stated he understood the consequences of his statements and he understood that based upon his statements he would no longer have a claim against Atty. DerOvanesian. (Tr. 5:11-20).

As a result of the Petitioner recanting his ineffective assistance of counsel claim, the Court respectfully recommends the Motion to Vacate, Set Aside, or Correct Sentence should be denied.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Petitioner Benjamin Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. 2255 (Doc. #1) should be **DENIED**.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**RESPECTFULLY RECOMMENDED** at Fort Myers, Florida, this 31st day of August, 2007.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record